### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARTIN GIBSON, | ) |
|       Plaintiff, | ) |
| vs. | ) No.: 8:22-cv-02859 |
| Donald Eugene Bailey | ) |
| & | ) |
| Metro Gutter & Home Services | ) |
|       Defendants. | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant METRO GUTTER & HOME SERVICES (hereinafter "Metro Gutter"), by and through the undersigned counsel, and hereby files this Notice of Removal of the action brought in the Circuit Court of Prince George's County, Maryland, by MARTIN GIBSON, under Civil Action No. CAL22-25195, to the United States District Court for the District of Maryland pursuant to 28 U.S.C. §§1441 and 1446. In support of this Notice of Removal, Metro Gutter states:

1. On August 12, 2022, Plaintiff filed a Complaint (attached as Ex. "A") in the Circuit Court of Prince Georges County, Maryland, bearing the caption *Martin Gibson v. Donald Eugene Bailey and Metro Gutter & Home Services,* Case No. CAL22-25195.

2. Process was served on Metro Gutter on or around October 7, 2022. The Return of Service evidencing service of process on Metro Gutter & Homes Services is attached as Exhibit Ex. "B."

1

3. Pursuant to 28 U.S.C. §1446(a), true and correct copies of the Complaint, all other pleading that have been served on Defendant Metro Gutter, (Ex. "A") and process (Ex. "B") served upon the defendant are attached to this Notice.

4. This Notice was filed with the Clerk of the United States District Court within 30 days after service of the Complaint upon Metro Gutter and therefore, this Petition is timely under 28 U.S.C. § 1446(b). *See Murphy Bros., Inc., v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999); *Nicely v. Safeway, Inc.,* 2013 U.S. Dist. Lexis 176152, *13-14 (D. Md. 2013).

5. 28 U.S.C. § 1441(b) provides the following:

> Any civil action of which district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b). Jurisdiction exists in a removal action if the case might have originally been brought in federal court. *Darcangelo v. Verizon Comm., Inc.,* 292 F.3d 181, 186 (4th Cir. 2002).

6. This case could have originally been brought in the United States District Court pursuant to 28 U.S.C. § 1332, which provides:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between --
> (1) citizens of different States . . . .

28 U.S.C. §§ 1332(a).

7. Plaintiff Martin Gibson is a citizen of the State of Maryland. (*See* Ex. "A," ¶1).

8. Metro Gutter is a corporation. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of every state in which it has been incorporated and of the

state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation's principal place of business refers to the "place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

9. Metro Gutter is incorporated in Virginia and has its principal place of business at 5645 General Washington Dr., Suite D, Alexandria, VA 22312.   Accordingly, Metro Gutter is a citizen of Virginia.

10. Defendant Donald Eugene Bailey is a citizen of Washington, D.C. with an address of 3305 E Street SE, Washington, DC 20019.  ("Ex. A").  Upon information and belief, Defendant Donald Eugene Bailey has not been served yet.

11. For the above reasons, there is complete diversity between Plaintiff and Defendants.

12. With respect to the amount in controversy, in the "Wherefore" clauses of the Complaint, plaintiff alleges damages in excess of $75,000.  (Ex. "A,").  Accordingly, Metro Gutter has satisfied its burden of establishing the amount in controversy.

13. Pursuant to 28 U.S.C. §1441(a), removal to the United States District Court for the District of Maryland is proper because that District embraces the Circuit Court of Prince Georges County, the place where this action is currently pending.  *See* 28 U.S.C. §100.

14. Pursuant to 28 U.S.C. §1446(d), Metro Gutter will promptly file a copy of this Notice of Removal in the Circuit Court of Prince Georges County and give written notice of the removal of the action to counsel for plaintiff.

15. By removing the action to this Court, defendant does not waive any defenses, objections or motions available to it under state or federal law.  Defendant expressly reserves the

right to move for dismissal of plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, pursuant to 28 U.S.C. §§1441 and 1446, Defendant Metro Gutter, respectfully removes to this Court the action docketed under Case No. CAL22-25195 in the Circuit Court of Prince Georges County, Maryland.

Respectfully Submitted:

Dated: November 4, 2022  /s/*Salvatore J. Cardile*
Salvatore J. Cardile, Esquire (#21044)
Thomas, Thomas & Hafer LLP
Owings Mills Corporate Campus
10065 Red Run Blvd., Suite 130
Owings Mills, Maryland 21117
Phone: (443) 641-0574
Fax: (410) 484-2967
scardile@tthlaw.com
*Counsel for Metro Gutter & Home Services*

*/s/ Andrew G. White*
Andrew G. White, Esquire (#22143)
Thomas, Thomas & Hafer LLP
Owings Mills Corporate Campus
10065 Red Run Blvd., Suite 130
Owings Mills, MD 21117
Phone: (443) 641-0572
Fax: (410) 484-2967
awhite@tthlaw.com
*Counsel for Metro Gutter & Home Services*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARTIN GIBSON, | ) |
| Plaintiff, | ) |
| vs. | ) |
| Donald Eugene Bailey | ) No.: |
| & | ) |
| Metro Gutter & Home Services | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I DO HEREBY certify that on this _4th_ day of November 2022, a copy of the foregoing notice of removal and accompanying exhibits were served by first class mail and/or electronic mail on the following:

Camara L. Mintz, Esq.
12805 Old Fort Road, Suite 302
Fort Washington, MD 20744
(301) 292-7200 (phone)
(301) 363-4108 (fax)
Camara.mintz@graciamintz.com
*Attorney for Plaintiff*

　　　　　　　　　　　　　　　　　　　　*/s/ Andrew G. White*
　　　　　　　　　　　　　　　　　　　　Andrew G. White, Esquire (#22143)